IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TERRANCE TERRELL BROWN, SR., § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:25-CV-1462-S-BK |
| § | |
| JP MORGAN CHASE BANK, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On June 9, 2025, Plaintiff Terrance Terrell Brown, Sr., filed a complaint against JP Morgan Chase Bank, Jamie Dimon, Citizens Bank and Trust Co., and Leo Brooks Lewis. Doc. 3. Brown then filed a motion for leave to amend along with a proposed amended complaint. Doc. 10; Doc. 11. At minimum, the original and amended complaints are inartfully pled and illogical.

Brown alleges that Defendants owe him $25.5 million that was allegedly deposited in his account at JP Morgan Chase Bank and then transferred to Citizens Bank. Doc. 11 at 1-2; Doc. 3 at 1. Brown asserts that Defendants failed to release the funds to him in violation of his federal

constitutional and statutory rights and a supposed contractual agreement. Doc. 11 at 2-3; Doc. 3 at 1.

In the civil cover sheet, Brown checks the boxes for "U.S. Government Plaintiff" and diversity of citizenship as the jurisdictional bases. Doc. 3 at 2. He cites the following federal statutes: "National Bank Act of 164, Federal Serve Act of 1913, Glass-Steagall Act, Bank Secrecy Act, Dodd Frank Wall & Consumer Protection Act of 2010." Doc. 3 at 2. Brown also includes a demand for $25.5 million in damages. Doc. 3 at 2.

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed *sua sponte*.[1]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52

---

[1] Because jurisdiction is lacking, the Court need not address the deficiencies in the amended complaint and motion for leave to proceed *in forma pauperis*. Doc. 11; Doc. 4.

(5th Cir. 2008). Further, the plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must also liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Brown has not alleged facts that establish federal question or diversity jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Brown's complaint, however, contains no factual allegations that support federal question jurisdiction. The complaint mentions in passing the U.S. Constitution, due process clause, and federal statutes. But the mere mention of a federal law or bare assertion of a federal claim is not enough to obtain federal question jurisdiction. Indeed, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Also, Brown's scant pleadings do not plead the existence of facts establishing subject-matter jurisdiction on the basis of diversity, which requires complete diversity of citizenship *and*

a good faith claim for damages in excess of $75,000. 28 U.S.C. § 1332. Even if there is complete diversity of citizenship among the parties, Brown has arbitrarily alleged an excessive amount in damages, to meet the $75,000 jurisdictional amount in controversy. Doing so is prohibited and goes against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court. *See Thomson v. Gaskill*, 315 U.S. 442, 447 (1942); *see also Harris v. Illinois Cent. R. Co.*, 220 F.2d 734, 736 (5th Cir. 1955) (damages for federal jurisdictional purposes must be estimated in good faith).

As mentioned, Brown seeks $25.5 million in damages based on claims that the funds were deposited in his bank account and then transferred to another bank. However, his allegations, which lack any cognizable legal claim for relief, do not support that extraordinary request and, thus his damage claim lacks a good faith basis. *Gaskill*, 315 U.S. at 447 ("[T]he value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." ).

Finally, because the complaint does not present an adequate basis for federal question jurisdiction, and Brown cannot rely on diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any possible state-law claims that he may be attempting to assert. 28 U.S.C. § 1367(a).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for lack of subject matter jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As demonstrated above, the facts as alleged in Brown's

amended complaint show a lack of subject matter jurisdiction in this Court that is simply not curable by amendment. Thus, the Court concludes that Brown has already pled his best case and granting further leave to amend would be futile and cause needless delay.[2]

### IV. CONCLUSION

For all these reasons, Brown's amended complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on July 31, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[2] Notwithstanding these findings, the 14-day objection period will permit Brown to assert any facts/claims that can support subject matter jurisdiction under the factual scenario he alleges.